# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MOORE, | CASE NO.    1:09-cv-01961-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL WITH PREJUDICE OF PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| KEN CLARK, WARDEN, et al., | |
| Defendants. | (ECF No. 10) |
| _____/ | OBJECTIONS DUE IN THIRTY DAYS |

## I.    PROCEDURAL HISTORY

Plaintiff Charles Moore ("Plaintiff") is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the action on November 9, 2009.  (ECF No. 1.)  No other parties have appeared.

In a Screening Order filed December 27, 2010, the Court dismissed Plaintiff's Complaint for failure to state a claim upon which relief could be granted.  (ECF No. 9.) Plaintiff filed his First Amended Complaint on January 28, 2011.  (ECF No. 10.)

1

Plaintiff's First Amended Complaint is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff's Complaint fails to state a claim.

**II.    SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

**III.    SUMMARY OF COMPLAINT**

Plaintiff claims violation of his First Amendment rights through retaliatory tactics and

2

use of excessive force.[1]  Plaintiff names R. Vogel as the only Defendant.[2]

Plaintiff alleges the following: On October 1, 2008, Plaintiff was assaulted by Defendant with an MK-9 chemical weapon.  Plaintiff suffered retaliatory injuries as a result of filing a lawsuit.  Warden Ken Clark failed to investigate statutory violations.

Based on these claims, Plaintiff seeks investigation by the Federal Bureau of Investigation.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to
> the deprivation of any rights, privileges, or immunities secured
> by the Constitution . . . shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for
> redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.   Retaliation Claim

Plaintiff states that he is being retaliated against by Defendant for exercising his constitutional rights.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an

---

[1]  Plaintiff omits many of the claims made in his original complaint, including due process, denial of access to courts, inmate appeal process, property, and prison policy violation claims.

[2]  Plaintiff does not include any of the Defendants named in the original Complaint.  Vogel is a newly named Defendant.

inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has failed to plead facts sufficient to sustain a claim of retaliation by prison officials. Plaintiff states that he suffered retaliatory injuries for filing a lawsuit. He does not state what the lawsuit related to, what the injuries were, why he feels they were connected to the lawsuit and not in furtherance of some legitimate penological goal, who performed the retaliatory conduct or how it was performed. (Even if Plaintiff intended to describe the use of a chemical weapon against him as the retaliatory conduct, the need to allege facts showing there was no legitimate alternative reason for the use of such a device would be more, not less, important.)

Plaintiff was previously notified of the relevant legal standards and the deficiencies in his prior complaint. The Court provided a detailed analysis of Plaintiff's retaliation claim and guidelines for perfecting such a claim. Plaintiff's First Amended Complaint contains far less specificity than in the original and again fails to state a claim. the Court will recommend that this claim be dismissed without further leave to amend.

**B.   Excessive use of Force Claim**

Though not explicitly stated, Plaintiff appears to be claiming that Defendant used excessive force in violation of his constitutional rights.

The analysis of an excessive force claim brought pursuant to Section 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989).  The Eighth

Amendment's prohibition on cruel and unusual punishment applies to incarcerated individuals, such as the Plaintiff here. Whitley v. Albers, 475 U.S. 312, 318 (1976). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001).   The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson v. McMillian, 503 U.S. 1, 9 (1992); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries).   However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."   Hudson, 503 U.S. at 9.   "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."   Hudson, 503 U.S. at 6-7.   The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at 321.   The absence of significant injury alone is not dispositive of a claim of excessive force. See Wilkens v. Gaddy, 130 S.Ct. 1175, 1176-77 (2010).

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Plaintiff states that Defendant used a chemical weapon on him and "had SGT Vogel showed Charles Moore the required 128G endorsement choro, the use of force would never have been necessary." (Pl.'s First Am. Compl. at 6.) This is the entirety of the detail provided with respect to his excessive force claim.  Rather than showing malicious and sadistic force, Plaintiff's allegation that Defendant would not have needed to use force if only Vogel had produced a 128G endorsement chrono leads the Court to believe that Defendant did in fact see a legitimate need to use force based on the actual facts presented to him.  Moreover, the limited description of the force used would not support the conclusion that it was excessive.

The Court's Screening Order gave Plaintiff substantial guidance as to what would be needed to state a claim.  Plaintiff apparently decided to disregard that advice.  Because Plaintiff's First Amended Complaint again fails to state a claim, the Court will recommend that it  be dismissed without further leave to amend.

### C.   Habeas Claim

The majority of statements and attachments to Plaintiff's Amended Complaint deal with his contention that he is being wrongfully detained in custody by the CDCR.  In its prior Screening Order, the Court informed Plaintiff that a prisoner's challenge to the legality or duration of his custody can only be asserted in a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 498-500 (1973); Young v. Kenny, 907 F.2d 874, 875-76 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Nevertheless, Plaintiff resubmitted the materials related to his allegedly wrongful conviction and detention even after the Court instructed him it would be pointless to do so. The resubmission of this material is further evidence Plaintiff is unable or unwilling  to focus here on his Section 1983 claims and, thus, further

1  evidence that amendment of such claims would be futile.

2  **V.    CONCLUSION AND ORDER**

3
4          The Court finds that Plaintiff's First Amended Complaint fails to state any Section

5  1983 claims upon which relief may be granted against the named Defendants.  Under Rule

6  15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when

7  justice so requires."  In addition, "[l]eave to amend should be granted if it appears at all

8  possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th

9  Cir. 2000) (internal citations omitted).  However, in this action, Plaintiff has filed two

10  complaints and received substantial guidance from the Court in its Screening Order.  (ECF

11  Nos. 1, 9, & 10.)  Even after receiving the Court's guidance, Plaintiff failed to make any

12  alterations or to include additional facts to address the noted deficiencies.  In fact,

13  Plaintiff's Amended Complaint includes almost no factual development of his Section 1983

14  claims.  He focuses almost exclusively on his allegedly wrongful conviction and detention.

15  Because of this, the Court finds that the deficiencies outlined above are not capable of

16  being cured by amendment, and therefore recommends that further leave to amend not

17  be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.

18
19  1987).

20          Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this

21
22  action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon

23  which relief may be granted.

24          These Findings and Recommendation will be submitted to the United State District

25
26  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

27  Within thirty (30) days after being served with these Findings and Recommendation,

                                              7

Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    February 28, 2011            /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE